# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS ANDREWS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN BERNARDINO POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. ED CV 23-928 DOC (MRW)<br><br>**ORDER DISMISSING ACTION**<br><br>**L.R. 7-12; FRCP 41** |

　　　　The Court dismisses this action due to Plaintiff's failure to respond to the defense's dismissal motions and court orders.

\* \* \*

　　　　1.　　This is a <u>pro se</u> civil rights action. In a complaint filed in May 2023, Plaintiff Andrews alleged that he suffered injuries in a car accident while in police custody. (Docket # 1.)

　　　　2.　　The Court dismissed the action as to the local police department, but allowed the action to proceed against the individual police officer named in the complaint as the driver of the vehicle. (Docket # 4.)

1  The case was subsequently referred to the assigned magistrate judge for
2  further pretrial proceedings.

3      3.    The defense moved to dismiss the action in July 2023. (Docket
4  # 10.) Judge Wilner informed Plaintiff of his obligation to respond to the
5  dismissal motion. (Docket # 11.) Plaintiff failed to respond to the motion.
6  (Docket # 13 (notice of non-opposition).)

7      4.    Judge Wilner then ordered Plaintiff to: (a) show cause why the
8  case should not be dismissed; and (b) submit his substantive response to
9  Defendant's motion. (Docket # 14.) Plaintiff failed to respond to this order.

10     5.    Judge Wilner previously advised Plaintiff that his failure to
11 respond to the motion or the OSC would lead the Court to dismiss the
12 action under Federal Rule of Civil Procedure 41. (Docket # 11, 14 (citing
13 Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir.
14 2019)).).

15     * * *

16     6.    Local Rule 7-9 requires a party to file a memorandum stating
17 the basis for that party's opposition to a motion. Local Rule 7-12 states
18 that the "failure to file any required document [ ] may be deemed consent to
19 the granting or denial of the motion."

20     7.    Rule 41(b) provides that if a plaintiff "fails to prosecute or to
21 comply with these rules or a court order, a defendant may move to dismiss
22 the action or any claim against it." Dismissal also may be ordered by the
23 Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

24     8.    Rule 41(b) specifically authorizes a court to dismiss a civil
25 action when a plaintiff has not filed a required pleading "after being given
26 leave to do so." Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017).
27 Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and
28

"indicate[s] that failure to do so would result in dismissal" under the rule. Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019).

9. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

\* \* \*

10. In the present action, the Court concludes that dismissal of the action is appropriate. Plaintiff's failure to file any response to the defense's dismissal motion (despite explanatory advisements from the magistrate judge) means that the motion is deemed unopposed under Local Rule 7-12. Defendant is entitled to the relief requested in the motion to dismiss the action.

11. Further, Plaintiff's failure to respond to Judge Wilner's OSC also warrants dismissal under Rule 41. Plaintiff's silence in the face of court orders demonstrates that he has no interest in advancing the action here.

12. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose not to pursue his case by failing to comply with the Court's screening order. Furthermore, because Plaintiff is a pro se litigant who has not advanced the action, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d

at 1440. The Court concludes that dismissal is appropriate under Rule 41(b). Applied Underwriters, 913 F.3d at 892.

13. Dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim. Therefore, the action is dismissed with prejudice.

IT IS SO ORDERED.

Dated: October 31, 2023

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE